UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 22-cr-293 (NEB/TNL) |
| Plaintiff, | |
| v. | **FIFTH AMENDED CASE MANAGEMENT ORDER** |
| Mohamed Muse Noor, | |
| Defendant. | |

**Counsel for all parties are instructed to review this Order carefully and in its entirety as it represents a significant deviation from the schedules that ordinarily govern criminal cases in the District of Minnesota.**

\*\*\*

This matter comes before the Court on Defendant Mohamed Muse Noor's Fifth Motion for Extension of Time, ECF No. 55. The Court ordered the Government to respond. ECF No. 56. The Government did not. The Court ultimately took this motion under advisement on the papers. *See generally* ECF No. 57.

Defendant seeks an indefinite extension for defense disclosures and the filing of pretrial motions "pending commitment from the Government regarding the timing of any further disclosures." ECF No. 55 at 1. Again, the Government did not respond.

Five months ago, the Court expressed its concerns over the progression of this case. ECF No. 48 at 2. At that time, the Court was concerned that the extension then requested appeared to be driven in part by the Government's preference as to which order it would

1

like to try this and the related cases. *See* ECF No. 45 at 2. This time, the Court has concerns that the latest requested extension may in part be driven by a perceived absence of urgency, resulting in delay for the sake of delay.

This case has now spent close to a year and a half in discovery. The Court understands that this case and cases related to it were designated as complex and that discovery has been voluminous. *See generally* ECF No. 27. It is worth nothing that the Court already granted Defendant an additional extension since the parties were previously before the Court and before this latest extension request was filed. *See generally* ECF No. 52.

Defendant complains that the Government made supplemental disclosures in May 2023, December 2023, and, most recently, March 2024, yet "has *never* sought an extension" of its January 2023 disclosure deadline. ECF No. 55 at 1-2; *see, e.g.*, ECF No. 52 at 2-3. The Government has an ongoing duty to supplement its prior production. *See, e.g.*, Fed. R. Crim. P. 16(c). To the extent Defendant believes the Government has not timely disclosed certain evidence, it would seem that the proper recourse would be to seek a particularized remedy with respect to that evidence, not request an indefinite extension. Similarly, were the Government to make additional disclosures after the deadline for filing pretrial motions, the timing of that disclosure would appear to be a sound and reasonable basis for Defendant to file a pretrial motion related to that disclosure out of time.

Defendant additionally states that "[t]he Court has not yet addressed the relief requested" in his Motion for Early Expert Disclosure,[1] ECF No. 50, and Motion for Other Discovery Relief,[2] ECF No. 51, asserting "the results of which might be helpful in limiting and focusing any pretrial motions." ECF No. 55 at 2. These motions "request that the Court adopt and apply to this case the early expert disclosure and other discovery relief . . . ordered in the related case" of *United States v. Farah et al.*, No. 22-cr-124 (NEB/TNL). ECF No. 50 at 1; *accord* ECF No. 51 at 1; *see* ECF No. 52 at 1 n.1 (discussing treatment of identically filed motions). The Court previously made clear that it "considers these to be pretrial motions and will address them in the ordinary course following any response from the Government and the hearing as set forth in the operative case management order." ECF No. 52 at 1 n.1. Indeed, this is the same manner in which such requests were addressed in *Farah*. *See generally United States v. Farah*, No. 22-cr-124 (NEB/TNL), 2023 WL 8757097 (D. Minn. Dec. 19, 2023). Moreover, the earlier expert disclosures and discovery relief ordered in *Farah* that Defendant requests be applied to this case were both in the context of *trial preparation*, not the filing of pretrial motions. *Id.* at *1-7.

Again, the Court has serious concerns about the progression of this case and the need to move forward. The Court will, however, grant the motion in part and provide a reasonable extension of the deadlines for defense disclosures and the filing of pretrial

---

[1] In full, Defendant's motion is titled "Fourth Motion for Extension of Time, Motion for Early Expert Disclosure, and Motion for Other Discovery Relief." *See* ECF No. 52 at 1 n.1 (discussing treatment of identically filed motions).

[2] *See supra* n.1.

3

motions with concomitant adjustments to the remaining deadlines. The parties are cautioned that future extension requests will not be lightly entertained.

Bearing in mind the complexity of this case, the voluminous discovery, and the absence of any objection to the requested continuance, the Court finds pursuant to 18 U.S.C. § 3161(h) that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial and a continuance, though not for the full amount requested, is necessary to provide Defendant and his counsel reasonable time necessary for effective preparation and to make efficient use of the parties' resources. Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendant's Fifth Motion for Extension of Time, ECF No. 55, is **GRANTED IN PART** and **DENIED IN PART**.

2. On or before November 28, 2022, the Government shall begin to make all disclosures required by Federal Rule of Criminal Procedure 16(a) to be completed no later than January 20, 2023. *See* D. Minn. LR 12.1(a)(1). In order to avoid the need for a recess of the motions hearing, the Government is requested to make, by January 20, 2023, all disclosures which will be required by Fed. R. Crim. P. 26.2 and 12(h).

3. Pursuant to the Due Process Protections Act, the Court confirms the Government's obligation to disclose to a defendant all exculpatory evidence—that is, evidence that favors a defendant or casts doubt on the Government's case—as required by *Brady v. Maryland,* 373 U.S. 83 (1963), and its progeny, and orders the Government to do so. Failure to do so in a timely manner may result in consequences, including, but not

limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.

4. Defendant must make all disclosures required by Federal Rule of Criminal Procedure 16(b) as soon as practicable, to be completed no later than **July 8, 2024**. *See* D. Minn. LR 12.1(a)(2).

5. The Court has also issued an Order on Pretrial Disclosure & Preservation, ECF No. 34, which "proactively addresses certain non-dispositive motions that are commonly filed in the District of Minnesota, which seek discovery, notice of intent to introduce certain types of evidence, preservation of rough notes, and disclosure of evidence favorable to a defendant under *Brady v. Maryland*, 373 U.S. 83 (1963), and related authorities." ECF No. 34 at 3. "These motions often seek relief that is already required by the Federal Rules of Criminal Procedure, Federal Rules of Evidence, and federal law." ECF No. 34 at 3. "To promote the efficient management of these related cases, the Court issue[d the Order on Pretrial Disclosure & Preservation] to preemptively address such matters without the need for each defendant to file multiple motions on these subjects." ECF No. 34 at 3. **Before filing any pretrial motions, a party shall consult the Order on Pretrial Disclosure & Preservation.**

6. All motions in the above-entitled case must be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **July 8, 2024**.[3] *See* D.

---

[3] "Before filing a motion under Fed. R. Crim. P. 12(b), the moving party must confer with the responding party. The parties must attempt in good faith to clarify and narrow the issues in dispute." D. Minn. LR 12.1(b).

Minn. LR 12.1(c)(1). Two courtesy copies of all motions and responses must be delivered directly to the chambers of Magistrate Judge Tony N. Leung.[4]

7. **Counsel must electronically file a letter on or before July 8, 2024, if no motions will be filed and there is no need for hearing**.

8. All responses to motions must be filed by **August 19, 2024**. *See* D. Minn. LR 12.1(c)(2).

9. Any Notice of Intent to Call Witnesses must be filed by **August 19, 2024**. *See* D. Minn. LR. 12.1(c)(3)(A).

10. Any Responsive Notice of Intent to Call Witnesses must be filed by **August 26, 2024**. *See* D. Minn. LR 12.1(c)(3)(B).

11. A motions hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

    a. The Government makes timely disclosures and a defendant identifies in the motions particularized matters for which an evidentiary hearing is necessary; or

    b. Oral argument is requested by either party in its motion, objection or response pleadings.

12. If required, the motions hearing must be heard before Magistrate Judge Tony N. Leung on **September 10, 2024, at 10:00 a.m.**, in Courtroom 9W, Diana E. Murphy United States Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota. *See* D. Minn. LR 12.1(d).

---

[4] U.S. Mail or hand-deliver to 300 South Fourth Street, Suite 9W, Minneapolis, MN 55415.

13. **TRIAL: The trial date, and other related dates, including but not limited to motions for counsel to participate in voir dire, will be rescheduled following the ruling on pretrial motions. Counsel must contact the Courtroom Deputy for District Judge Nancy E. Brasel to confirm the new trial date.**

14. The period of time from **the date of this Order through July 8, 2024**, shall be excluded from Speedy Trial Act computations in this case.

15. **Should a party request modification of this schedule, any response to such a request shall be filed within three days.**

16. All prior consistent orders relating to the Indictment remain in full force and effect.

17. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: May  21 , 2024

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Noor*
Case No. 22-cr-293 (NEB/TNL)